UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHAWNEQUE T.,

                Plaintiff,

v.                                                                                             CASE # 20-cv-00618

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                                OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC        ELIZABETH A. HAUNGS, ESQ.
  Counsel for Plaintiff                                  KENNETH R. HILLER, ESQ.
600 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                      JUDITH COHEN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

       The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

I.   **RELEVANT BACKGROUND**

   A.   **Factual Background**

Plaintiff was born on February 2, 1981 and completed high school. (Tr. 127, 170). Generally, plaintiff's alleged disability consists of arthritis, bilateral carpal tunnel syndrome, depression, panic attacks, and a learning disability. (Tr. 139). Her alleged onset date of disability is January 15, 2017. (Tr. 146).

   B.   **Procedural History**

On April 3, 2017, plaintiff protectively applied for a period of Supplemental Security Income (SSI) under Title XVI of the Social Security Act. (Tr. 127). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On March 14, 2019, plaintiff appeared before ALJ Robert Wright. (Tr. 31-54). On March 29, 2019, ALJ Wright issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-25). On March 27, 2020, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

   C.   **The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since April 3, 2017, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: Major depressive disorder, carpal tunnel syndrome, degenerative disc disease of the lumbar spine (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that claimant is limited to simple, routine and low stress jobs, defined as having only occasional decision making or changes in a work setting.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on February 2, 1981, and was 36 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since April 3, 2017, the date the application was filed (20 CFR 416.920(g)).

(Tr. 12-25).

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff argues that a consultative examination was performed but omitted from the record. (Dkt. No. 13 at 8 [Pl.'s Mem. of Law]). In an amended filing, plaintiff additionally argues that if a physical consultative exam was not performed the ALJ erred by not ordering a consultative examination. (Dkt. No. 19 at 14).

### B.   Defendant's Arguments

In response, defendant makes a broad argument that substantial evidence supports the ALJ's RFC but also submitted a declaration from the Assistant Regional Commissioner for Management and Operations Support of SSA, Region II, stating no consultative exam took place. (Dkt. No. 16-1 [Def.'s Mem. of Law], Dkt. No. 16-2).

## III.    RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's

4

independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

### IV. ANALYSIS

#### A. Physical Consultative Examination

Plaintiff argues a physical consultative examination (CE) took place in June 2017 but that the report of the examination was omitted from the record. (Dkt. No. 13 at 8-11). The allegedly missing consultative examination report was not brought up at the hearing, before the AC, or addressed in a sworn affidavit to this Court. As evidence of an omission, plaintiff asserts the x-rays, titled "Radiology Report – The IMA Group", ordered by the Agency and identified as an

examination in subsequent documents were an obvious indicator of a consultative exam. (Dkt. No. 13 at 8-9). On June 16, 2017, plaintiff underwent an x-ray of the lumbosacral spine and right distal forearm. (Tr. 234-35). On June 21, 2017, radiologist Lawrence Liebman, M.D., reviewed and signed the exam records. plaintiff contends that the term "date of examination" on the radiology report is proof that there was a comprehensive physical consultative evaluation. However, this is a radiology report, and the body of the treatment notes identifies it as *a radiographic examination* of the lumbosacral spine/right distal forearm. (Tr. 234-35, emphasis added). Plainly put, the radiologist identified the taking of the x-rays as an examination and hence identified it as such, which was how it was subsequently identified by others in the administrative record.  Additionally. plaintiff concedes there is no evidence in the record of any physical examination findings, diagnoses, or limitations from a physical CE and no physical consultative examination was addressed at any hearing level. (Dkt. No. 13 at 10).

More significantly, Assistant Regional Commissioner Andrea Wilder ordered a review of the Certified Administrative Record and additional records and files of SSA, and concluded that aside from undergoing x-rays on June 16, 2017, plaintiff did not undergo a consultative physical examination in association with her SSI claim. (Dkt. No. 16-2). Plaintiff asserts that Ms. Wilder's July 30, 2021 Declaration is not sufficient because it was not performed by Ms. Wilder herself and the search should have gone outside of the Certified Administrative Record and SSA files. (Dkt. No. 19 at 11-12). Plaintiff does not suggest where else Ms. Wilder should or could have searched. In essence, plaintiff is arguing semantics and fails to present evidence on the term date of examination other than the included x-rays. The regulations direct that a full comprehensive CE is not necessary if the only evidence needed is an x-ray. *See* 20 C.F.R. §416.919f (For example, we will not authorize a comprehensive medical examination when the only evidence we need is a

special test, such as an X-ray, blood studies, or an electrocardiogram). The regulations make clear that in certain circumstances, as was the case here, the Agency may opt to only request an x-ray as the consultative examination.

It is evident from the record that, aside from the June 16th x-rays, no physical CE exam was conducted, and plaintiff's arguments to the contrary are speculative. *See Morris v. Berryhill*, 721 F. App'x 25, 27-28 (2d Cir. 2018) (explaining that the mere "theoretical possibility" of missing records that might be probative to disability " does not establish that the ALJ failed to develop the record); *Gentile v. Saul*, No. 3:19-CV-01479 (SALM) 2020 WL 5757656, at *8 (D. Conn. Sept. 28, 2020) (noting that plaintiff had failed to explain how the missing session notes would differ from what is already in the record, other than a vague assertion that it would provide a more complete picture of plaintiff's mental health).

In furtherance of her arguments, plaintiff mischaracterizes the ALJ's weighing of other opinion evidence as not persuasive because it was not based on an in-person examination. (Dkt. No. 13 at 11). The ALJ actually states that the opinions from state agency examiners Dr. Dickerson and Dr. Kleinerman were not based on an in-person exam but also that they did not have access to the recent medical evidence at the hearing level. (Tr. 23). Notably, the ALJ found plaintiff was more limited than opined by Dr. Dickerson. *Baker v. Berryhill*, No. 1:15-cv-00943-MAT, 2018 WL 1173782, at *2 (W.D.N.Y. Mar. 6, 2018) ("Where an ALJ makes an RFC assessment that is more restrictive than the medical opinions of record, it is generally not a basis for remand." (internal quotation marks and citations omitted)); *Castle v. Colvin*, No. 1:15-CV-00113(MAT), 2017 WL 3939362, at *3 (W.D.N.Y. Sept. 8, 2017) ("[T]he fact that the ALJ's RFC assessment did not perfectly match Dr. Balderman's opinion, and was in fact more restrictive than that opinion, is not grounds for remand.").

### B. ALJ Satisfied Duty to Develop the Record

Plaintiff's contention that ALJ Wright has not satisfied his duty to develop the record is disingenuous to raise after consideration of the claim at both the administrative hearing and Appeals Council. (Dkt. No. 19 at 17). It bears reiterating that the issue was never raised before the ALJ and there is no reference to a physical CE in the file. *See, e.g., Wilson v. Colvin*, 136 F. Supp. 3d 475, 479 (W.D.N.Y. 2015) (noting, in connection with a disability appeal, that "an ALJ does not have an affirmative duty to expand the record *ad infinitum*" and declining to remand where the plaintiff's assertion that additional evidence "could or should have altered the outcome" was "wholly speculative") (citation omitted).

In response to the Declaration, plaintiff amended her argument to include the claim that if there was no physical CE the ALJ had a duty to order one. (Dkt. No. 19 at 14). Plaintiff's representative did not object to any of the exhibits in the record and did not identify any missing records. (Tr. 33). *See Gonzales v. Comm'r of Soc. Sec.,* No 16-cv-4612 (BMC), 2017 WL 1051119, at *4 (E.D.N.Y. March 19, 2017) (memorandum decision and order) (at the hearing, the plaintiff's counsel "never alerted the ALJ to any gaps in the record," thus, the "alleged gap in the record is a theory of counsel in hindsight rather than one that should have been reasonably apparent to the ALJ"). As set out in the regulations, purchasing a consultative examination is made on a case-by-case basis. 20 C.F.R. § 416.919f. It is well settled that an ALJ is not required to develop the record any further when the evidence already presented is adequate to make a determination as to disability. *Janes v. Berryhill*, 710 F. App'x 33, 34 (2d Cir. 2018) (citing *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996)) (internal citations omitted).

Finally, the Court has held on several occasions that an ALJ's duty to develop the record did not require the ALJ to order a consultative examination. *See Cox v. Comm'r of Soc. Sec*, 615

F. App'x 254,262-64 (6th Cir. 2015). As long as substantial record evidence supports the ALJ's determination of the facts, which is the case here, the Court must defer to the ALJ's decision. *See Vilardi v. Astrue*, 447 Fed. App'x 271, 272 (2d Cir. Jan. 10, 2012) (summary order); *Rouse v. Colvin*, No. 14-CV-817S, 2015 WL 7431403, at *6 (W.D.N.Y. Nov. 23, 2015) (unpublished).

**ACCORDINGLY, it is**

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No.13; Dkt. No. 19) is

   **DENIED;**

 and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 16, Dkt. No. 21) is

   **GRANTED.**


Dated: November 29, 2021                             *J. Gregory Wehrman*
Rochester, New York                                    HON. J. Gregory Wehrman
                                                       United States Magistrate Judge